IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | No. CR-F-95-5219 OWW |
|                               ) | |
|                               ) | ORDER DISMISSING EX PARTE |
|                               ) | MOTION FOR ORDER DIRECTING |
|               Plaintiff,      ) | BOP TO GRANT CREDIT FOR TIME |
|                               ) | SERVED (Doc. 244) |
|          vs.                  ) | |
|                               ) | |
|                               ) | |
| LLOYD GAMBLE,                 ) | |
|                               ) | |
|                               ) | |
|               Defendant.      ) | |
|                               ) | |
| _____ ) | |

On October 30, 2007, Defendant Lloyd Gamble filed an ex parte motion for an order directing the Bureau of Prisons (BOP) to grant credit for time served pursuant to 18 U.S.C. § 3585(b).

Gamble was sentenced on October 7, 1996 to life imprisonment.  Following a successful challenge to his conviction and sentence pursuant to 28 U.S.C. § 2255, Gamble was re-sentenced on April 17, 2007 to a term of 216 months incarceration.

Gamble is now incarcerated at FCI-Phoenix in Phoenix, Arizona.

Gamble asserts that the BOP has failed to give him jail time credit of 365 days for the period from June 6, 1995 to June 6, 1996.  In his ex parte motion, Gamble asserts:

> Most judicial reviews are 28 U.S.C. § 2241s, but, since defendant was resentenced on March 30, 2007 ..., within six months of resentencing, therefore the case is still open and officially can hear a motion under 18 USC § 3585(b) instead of 2241 motion.

Gamble cites no authority for this proposition.  The Court's independent research has found none.  In the Ninth Circuit, a challenge to credit for time served addresses the execution of the sentence, rather than the sentence itself.  *United States v. Giddings*, 740 F.2d 770, 771 (9th Cir.1984).  Review of the execution of a sentence may be had through a petition for writ of habeas corpus under 28 U.S.C. § 2241.  *Id.* at 772.  The proper forum to challenge the execution of a sentence is the district in which the prisoner is confined.  *Dunne v. Henman*, 875 F.2d 244, 290 (9th Cir.1989).  Because Gamble is incarcerated in Arizona, Gamble must seek relief pursuant to 28 U.S.C. § 2241 in the appropriate United States District Court in Arizona.

Gamble's ex parte motion for credit for time served pursuant to 18 U.S.C. § 3585(b) is DISMISSED.

IT IS SO ORDERED.

Dated:    **November 5, 2007**              _____**/s/ Oliver W. Wanger**_____
                                          UNITED STATES DISTRICT JUDGE